Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 1 of 35 (GTS-TWD)

Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 1 of 35
Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 1 of 33

RECEIVED
JUL 18 2019
CLERK, U.S. DIST.
WESTERN DISTRICT
BY

JUDGE KATHLEEN CARDONE    FILED

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

2019 JUL 19 PM 2:01

CLERK
WESTERN DISTRICT COURT
BY _____ DISTRICT OF TEXAS
DEPUTY CLERK

Federal Trade Commission, and

State of Ohio ex rel. Attorney General
Dave Yost,

Plaintiffs,

v.

Educare Centre Services, Inc., a New
Jersey corporation, also dba Credit Card
Services, Card Services, Credit Card
Financial Services, Care Net, Tripletel
Inc., Revit Educ Srvc, L.L. Vision, Care
Value Services, and Card Value Services,

Tripletel, Inc., a Delaware corporation,

Prolink Vision, S.R.L., a Dominican
Republic limited liability company,

Sam Madi, individually and as an owner,
officer, member, and/or manager of
Educare Centre Services, Inc.,

Mohammad Souheil a/k/a Mohammed
Souheil and Mike Souheil, individually
and as an owner, officer, member, and/or
manager of Prolink Vision, S.R.L.,

Wissam Abedel Jilal a/k/a Sam Jilal,
individually and as an owner, officer,
member, and/or manager of
Prolink Vision, S.R.L.,

Charles Kharouf, individually and as an
owner, officer, member, and/or manager
of
Prolink Vision, S.R.L.,

Defendants,

9896988 Canada Inc., a Canadian
company,

No. ___:19-CV-

EP 19 CV 0196

[PROPOSED]

**EX PARTE TEMPORARY
RESTRAINING ORDER WITH ASSET
FREEZE, APPOINTMENT OF A
TEMPORARY RECEIVER, AND
OTHER EQUITABLE RELIEF, AND
ORDER TO SHOW CAUSE WHY A
PRELIMINARY INJUNCTION
SHOULD NOT ISSUE**



U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JAN 30 2020
AT _____ O'CLOCK
John M. Domurad, Clerk - Syracuse

A true copy of the original, I certify,
Clerk, U.S. District Court
By _____
Deputy

1

1 | Relief Defendant.

2    Plaintiffs, Federal Trade Commission ("FTC") and the State of Ohio (collectively,

3 "Plaintiffs"), have filed their Complaint for Permanent Injunction and Other Equitable

4 Relief under Section 13(b) and 19 of the FTC Act, 15 U.S.C. § 53(b), 57b, the

5 Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"),

6

7 15 U.S.C. §§ 6101-6108, the Ohio Consumer Sales Practices Act ("CSPA"), R.C.

8 1345.07, and the and the Ohio Telephone Solicitation Sales Act ("TSSA"), R.C. 4719.01

9 (Docket No. 1-2 ), and have moved, under Fed. R. Civ. P. 65(b), for a temporary

10 restraining order, asset freeze, other equitable relief, and an order to show cause why a

11 preliminary injunction should not issue against Educare Centre Services, Inc.; Tripletel,

12

13 Inc.; Prolink Vision, S.R.L.; Sam Madi; Mohammad Souheil; Wissam Abedel Jilal; and

14 Charles Kharouf (collectively, "Defendants") and Relief Defendant 9896988 Canada, Inc.

15 (Docket No. 1-7).

16                    **FINDINGS OF FACT**

17    The Court, having considered the Complaint, the *ex parte* Motion for a

18 Temporary Restraining Order, declarations, exhibits, and the memorandum of points and

19 authorities filed in support thereof, and being otherwise advised, finds that:

20

21 A.    This Court has jurisdiction over the subject matter of this case, and there is good

22 cause to believe that it will have jurisdiction over all parties hereto and that venue in this

23 district is proper.

24

25 B.    Defendants are engaged in an unlawful telemarketing scheme that markets a

26 credit card interest rate reduction service. They deliver unauthorized pre-recorded

27 telephone messages ("robocalls") to consumers in violation of the Telemarketing Sales

28

1   Rule ("TSR"), 16 C.F.R. Part 310. Defendants also violate the TSR by using remotely

2   created payment orders or remotely created checks ("RCPOs") as payment for goods or

3   services they offer or sell to consumers through telemarketing. The TSR explicitly

4   prohibits the use of RCPOs in any type of telemarketing transactions. 16 C.F.R.

5   310.4(a)(9)

6

7   C.      Defendants' telemarketing scheme has generated more than $7.5 million in RCPO

8   payments from consumers since June 13, 2016, the date when the TSR prohibition on the

9   use of RCPOs in telemarketing transactions went into effect.

10  D.      As demonstrated by the declarations of consumers, hundreds of Better Business

11  Bureau complaints, declarations of investigators from the FTC and the Ohio Attorney

12  General's Office, bank records, and other documentation filed by Plaintiffs, there is good

13

14  cause to believe that Defendants have engaged in and are likely to engage in acts or

15  practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the TSR, 16 C.F.R.

16  Part 310, the Ohio CSPA, R.C. 1345.01 *et seq.*, and the Ohio TSSA, R.C. 4719.01 and

17  that Plaintiffs are therefore likely to prevail on the merits of this action.

18  E.      There is good cause to believe that immediate and irreparable harm will result

19  from Defendants' ongoing violations of the FTC Act, the TSR, and the Ohio CSPA and

20

21  TSSA unless Defendants are restrained and enjoined by order of this Court.

22  F.      There is good cause to believe that Relief Defendant 9896988 Canada Inc. has

23  received funds in excess of $1 million that can be traced directly to Defendants' unlawful

24  acts or practices alleged in the Complaint, and that it has no legitimate claim to those

25  funds.

26

27

28

G.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including monetary restitution, rescission, disgorgement or refunds – will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b) the interests of justice require that this Order be granted without prior notice to Defendants.  Thus, there is good cause for relieving Plaintiffs of the duty to provide Defendants with prior notice of its Application for a Temporary Restraining Order.

H.      Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' and Relief Defendant's assets, permitting the Receiver immediate access to Defendants' and the Relief Defendant's business premises to obtain and take control of Defendants' and the Relief Defendant's business records wherever the records are stored, and permitting the Plaintiffs and the Receiver to take expedited discovery.

I.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to Defendants' business premises and records, expedited discovery, and other equitable relief is in the public interest.

J.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

K.     No security is required of any agency of the United States for issuance of a

temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.     **"Corporate Defendants"** means Educare Centre Services, Inc.; Tripletel, Inc.;

Prolink Vision, S.R.L., and each of their subsidiaries, affiliates, successors, and assigns.

B.     **"Debt Relief Product or Service"** means any product, service, plan, or program

represented, expressly or by implication, to renegotiate, settle, or in any way alter the

terms of payment or other terms of the debt or obligation between a consumer and one or

more creditors or debt collectors, including a reduction in the balance, interest rate, or

fees owed by a consumer to a creditor or debt collector.

C.     **"Defendants"** means the Corporate Defendants and the Individual Defendants,

individually, collectively, or in any combination.

D.     **"Document"** is synonymous in meaning and equal in scope to the usage of

"document" and "electronically stored information" in Federal Rule of Civil Procedure

34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs,

sound and video recordings, images, Internet sites, web pages, websites, electronic

correspondence, including e-mail and instant messages, contracts, accounting data,

advertisements, FTP Logs, Server Access Logs, books, written or printed records,

handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and

business canceled checks and check registers, bank statements, appointment books,

computer records, customer or sales databases and any other electronically stored

information, including Documents located on remote servers or cloud computing

1    systems, and other data or data compilations from which information can be obtained

2    directly or, if necessary, after translation into a reasonably usable form.  A draft or non-

3    identical copy is a separate Document within the meaning of the term.

4    E.    **"Electronic Data Host"** means any Person in the business of storing, hosting, or

5    otherwise maintaining electronically stored information. This includes, but is not limited

6
7    to, any entity hosting a website or server, and any entity providing "cloud based"

8    electronic storage.

9    F.    **"Individual Defendants"** means Sam Madi; Mohammad Souheil; Wissam

10   Abedel Jilal; and Charles Kharouf, individually, collectively, or in any combination.

11   G.    **"National Do Not Call Registry"** means the registry of telephone numbers

12   maintained by the FTC, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. §

13
14   310.4(b)(1)(iii)(B), of Persons who do not wish to receive Outbound Telephone Calls to

15   induce the purchase of goods or services.

16   H.    **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer

17   to induce the purchase of goods or services or to solicit a charitable contribution.

18
19   I.    **"Person"** means any natural person or any entity, corporation, partnership, or

20   association of persons.

21   J.    **"Remotely Created Payment Order"** or **"RCPO"** means a payment instruction

22   or order, whether created in electronic or paper format, drawn on a payor's account that is

23   initiated or created by or on behalf of the payee, and which is deposited into or cleared

24   through the check clearing system.  For purposes of this definition, an account includes

25   any financial account or credit or other arrangement that allows checks, payment

26   instructions, or orders to be drawn against it that are payable by, through, or at a bank.

27

28

Case 5:20-mc-00004-GTS-TWD   Document 2   Filed 01/30/20   Page 7 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 7 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 7 of 33

K.     **"Receiver"** means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

L.     **"Receivership Entities"** means the Corporate Defendants, the Relief Defendant, as well as any other entity that has conducted any business related to Defendants' credit card interest rate reduction services or products, including receipt of assets or funds derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

M.     **"Relief Defendant"** means 9896988 Canada, Inc. and each of its subsidiaries, affiliates, successors, and assigns.

N.     **"Seller"** means any Person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to a customers in exchange for consideration.

O.     **"Telemarketer"** means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

P.     **"Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

**ORDER**

**I.     PROHIBITED MISREPRESENTATIONS AND OMISSIONS**

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from:

A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication:

    1.    That consumers who purchase a service or product from Defendants will have their credit card interest rates reduced substantially;

    2.    That consumers who purchase a service or product from Defendants will be entitled to a full refund if Defendants will not obtain a lower interest rate for the consumers, or if the consumers are not completely satisfied with Defendants' service or product;

    3.    Any other fact material to consumers concerning any good or service, such as:  the total costs; any material restrictions, limitations or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B.    Representing, or assisting others in representing, expressly or by implication, the benefits, performance, or efficacy of any good or service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence to substantiate that the representation is true.

## II.    PROHIBITIONS ON VIOLATING THE TSR

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with Telemarketing of any product or service, are temporarily restrained and enjoined from:

A.    Initiating, or causing others to initiate, an Outbound Telephone Call:

1.    That misrepresents, directly or by implication, any material aspect of any Debt Relief Product or Service, including the amount of money or the percentage of the debt amount that a consumer may save by using such service and the amount of time necessary to achieve the represented results;

2.    That fails to disclose, in a clear and conspicuous manner, that any Debt Relief Product or Service might result in a consumer having to pay additional fees to a credit-card issuer;

3.    That misrepresents, directly or by implication:

     (a) The total costs to purchase, receive, or use, and the quantity of, any goods or services that are the subject of a sales offer;

     (b) Any material restriction, limitation, or condition to purchase, receive, or use goods or services that are the subject of a sales offer;

     (c) Any material aspect of the performance, efficacy, nature, or central characteristics of goods or services that are the subject of a sales offer; or

     (d) Any material aspect of the nature or terms of the seller's refund, cancellation, exchange, or repurchase policies;

4.    To a Person whose telephone number is on the National Do Not Call Registry;

5.    That delivers a prerecorded message;

6.    To a telephone number within a given area code when Defendants have not, either directly or through another Person, paid the required annual fee for access to the telephone numbers within that area code that are included on the National Do Not Call Registry;

B.      Creating or causing to be created, directly or indirectly, a Remotely Created Payment Order as payment for goods or services offered or sold through telemarketing;

C.      Requesting or receiving payment of any fee or consideration from a consumer for any Debt Relief Product or Service until and unless Defendants have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the consumer and the consumer has made at least one payment pursuant to that settlement agreement, debt management plan, or other valid contractual agreement between the consumer and the creditor or debt collector; or

D.      Violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, attached as Attachment A.

## III.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other

1   financial or identifying information of any person that any Defendant obtained in

2   connection with any activity that pertains to the subject matter of this Order.

3   Provided, however, that Defendants may disclose such identifying information to a law

4   enforcement agency, to their attorneys as required for their defense, as required by any

5   law, regulation, or court order, or in any filings, pleadings or discovery in this action in

6   

7   the manner required by the Federal Rules of Civil Procedure and by any protective order

8   in the case.

9                              IV.    **ASSET FREEZE**

10          **IT IS FURTHER ORDERED** that Defendants and the Relief Defendant,

11   Defendants' and the Relief Defendants' officers, agents, employees, and attorneys, and

12   all other Persons in active concert or participation with any of them, who receive actual

13   

14   notice of this Order, whether acting directly or indirectly, are hereby temporarily

15   restrained and enjoined from:

16   A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

17   concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing,

18   

19   granting a lien or security interest or other interest in, or otherwise disposing of any assets

20   that are:

21          1.      owned or controlled, directly or indirectly, by any Defendant or Relief

22                  Defendant;

23          2.      held, in part or in whole, for the benefit of any Defendant or Relief

24                  Defendant;

25          

26          3.      in the actual or constructive possession of any Defendant or Relief

27                  Defendant; or

28   

11

4.      owned or controlled by, in the actual or constructive possession of, or

otherwise held for the benefit of, any corporation, partnership, asset

protection trust, or other entity that is directly or indirectly owned,

managed or controlled by any Defendant or Relief Defendant.

B.      Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

or storage facilities titled in the name of any Defendant or subject to access by any

Defendant, except as necessary to comply with written requests from the Receiver acting

pursuant to its authority under this Order;

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in

the name, individually or jointly, of any corporate defendant or any corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by any

Defendant or Relief Defendant or of which any Defendant or Relief Defendant is an

officer, director, member, or manager.  This includes any corporate bankcard or corporate

credit card account for which any Defendant or Relief Defendant is, or was on the date

that this Order was signed, an authorized signor; or

D.      Cashing any checks or depositing any money orders or cash received from

consumers, clients, or customers of any Defendant or Relief Defendant.

The assets covered by this Section shall include:  (1) all assets of Defendants or

Relief Defendant as of the time this Order is entered; and (2) assets obtained by

Defendants or Relief Defendant after this Order is entered if those assets are derived from

any activity that is the subject of the Complaint in this matter or that is prohibited by this

Order.  This Section does not prohibit any transfer of assets to the Receiver or

repatriation of assets specifically required by this Order.

## V.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, Payment Processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or Relief Defendant or any asset that has been owned or controlled, directly or indirectly, by any Defendant or Relief Defendant; held, in part or in whole, for the benefit of any Defendant or Relief Defendant; in the actual or constructive possession of any Defendant or Relief Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or asset associated with credits, debits, or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to any Defendant or Relief Defendant, including through a credit card account, shall:

13

A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or asset, as well as all Documents or other property related to such assets, except by further order of this Court; provided, however, that this provision does not prohibit an individual defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant or Relief Defendant, either individually or jointly, or otherwise subject to access by any Defendant or Relief Defendant;

C.    Provide Plaintiffs' counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each asset or account covered by this Section:

    1.    The identification number of each such account or asset;

    2.    The balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person whom such account or other asset was remitted; and

    3.    The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 15 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 15 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 13 of 33

1      any Defendant or Relief Defendant, or is otherwise subject to access by

2      any Defendant or Relief Defendant; and

3  D.    Upon the request of Plaintiffs' counsel or the Receiver, promptly provide

4  Plaintiffs' counsel and the Receiver with copies of all records or other Documents

5  pertaining to any account covered by this Section or asset, including originals or copies

6

7  of account applications, account statements, signature cards, checks, drafts, deposit

8  tickets, transfers to and from the accounts, including wire transfers and wire transfer

9  instructions, all other debit and credit instruments or slips, currency transaction reports,

10  1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail

11  boxes, and storage facilities.

12

13      This Section does not prohibit any transfer of assets to the Receiver or repatriation

14  of assets specifically required by this Order.

15          **VI.    FINANCIAL DISCLOSURES**

16      **IT IS FURTHER ORDERED** that each Defendant and Relief Defendant, within

17  five (5) days of service of this Order upon them, shall prepare and deliver to Plaintiffs'

18  counsel and the Receiver:

19

20  A.    Completed financial statements on the forms attached to this Order as

21  **Attachment B** (Financial Statement of Individual Defendant) for each Individual

22  Defendant, and **Attachment C** (Financial Statement of Corporate Defendant) for each

23  Corporate Defendant or Relief Defendant; and

24

25  B.    Completed **Attachment D** (IRS Form 4506, Request for Copy of a Tax Return)

26  for each Defendant.

27

28

## VII.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant shall:

A.      Provide Plaintiffs' counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any Person for the benefit of any Defendant or Relief Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant or Relief Defendant;

B.      Take all steps necessary to provide Plaintiffs' counsel and the Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment E.**

C.      Transfer to the territory of the United States any and all Documents and assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant or Relief Defendant; (2) held by any Person for the benefit of any Defendant or Relief Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant or Relief Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant or Relief Defendant; and

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 17 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 17 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 15 of 33

D.    The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiffs of the name and location of the financial institution or other entity that is the recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

## VIII.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants and the Relief Defendant, Defendants' and the Relief Defendant's officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.    Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' and Relief Defendant's assets have been fully repatriated pursuant to this Order; or

B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' or the Relief Defendant's assets have been fully repatriated pursuant to this Order.

## IX.    CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiffs may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 18 of 35

Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 18 of 35
Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 16 of 33

1   Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency

2   from which such reports are requested shall provide them to Plaintiffs.

### X.    PRESERVATION OF RECORDS

3

4       **IT IS FURTHER ORDERED** that Defendants and the Relief Defendant,

5   Defendants' and the Relief Defendant's officers, agents, employees, and attorneys, and

6

7   all other Persons in active concert or participation with any of them, who receive actual

8   notice of this Order, whether acting directly or indirectly, are hereby temporarily

9   restrained and enjoined from:

10  A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

11  transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents

12

13  that relate to:  (1) the business, business practices, assets, or business or personal finances

14  of any Defendant or Relief Defendant; (2) the business practices or finances of entities

15  directly or indirectly under the control of any Defendant or Relief Defendant; or (3) the

16  business practices or finances of entities directly or indirectly under common control with

17

18  any other Defendant or Relief Defendant; and

19  B.      Failing to create and maintain Documents that, in reasonable detail, accurately,

20  fairly, and completely reflect Defendants' or Relief Defendant's incomes, disbursements,

21  transactions, and use of Defendants' or Relief Defendant's assets.

### XI.    REPORT OF NEW BUSINESS ACTIVITY

22

23      **IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents,

24

25  employees, and attorneys, and all other Persons in active concert or participation with any

26  of them, who receive actual notice of this Order, whether acting directly or indirectly, are

27  hereby temporarily restrained and enjoined from creating, operating, or exercising any

28

1    control over any business entity, whether newly formed or previously inactive, including

2    any partnership, limited partnership, joint venture, sole proprietorship, or corporation,

3    without first providing Plaintiffs' counsel and the Receiver with a written statement

4    disclosing: (1) the name of the business entity; (2) the address and telephone number of

5    the business entity; (3) the names of the business entity's officers, directors, principals,

6    managers, and employees; and (4) a detailed description of the business entity's intended

7

8    activities.

9    ## XII.    TEMPORARY RECEIVER

10    **IT IS FURTHER ORDERED** that Robb Evans & Assoc. LLC is appointed as

11    temporary receiver of the Receivership Entities with full powers of an equity receiver.

12    The Receiver shall be solely the agent of this Court in acting as Receiver under this

13    Order.

14

15    ## XIII.    DUTIES AND AUTHORITY OF RECEIVER

16    **IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

17    accomplish the following:

18    A.    Assume full control of Receivership Entities by removing, as the Receiver deems

19    necessary or advisable, any director, officer, independent contractor, employee, attorney,

20    or agent of any Receivership Entity from control of, management of, or participation in,

21    the affairs of the Receivership Entity;

22    B.    Take exclusive custody, control, and possession of all assets and Documents of,

23    or in the possession, custody, or under the control of, any Receivership Entity, wherever

24    situated;

25

26

27

28

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 20 of 35

Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 20 of 35
Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 18 of 33

C.      Take exclusive custody, control, and possession of all Documents or assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.      Conserve, hold, manage, and prevent the loss of all assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities.  The Receiver shall have full power to sue for, collect, and receive, all assets of the Receivership Entities and of other Persons whose interests are now under the direction, possession, custody, or control of, the Receivership Entities.  Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents.  The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic Documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials); take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the

Case 5:20-mc-00004-GTS-TWD     Document 2     Filed 01/30/20     Page 21 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 21 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 19 of 33

1    FTC's Digital Forensic Unit for the purpose of obtaining electronic Documents stored

2    onsite or remotely.

3    F.      Choose, engage, and employ attorneys, accountants, appraisers, and other

4    independent contractors and technical specialists, as the Receiver deems advisable or

5    necessary in the performance of duties and responsibilities under the authority granted by

6    this Order;

7

8    G.      Make payments and disbursements from the receivership estate that are necessary

9    or advisable for carrying out the directions of, or exercising the authority granted by, this

10    Order, and to incur, or authorize the making of, such agreements as may be necessary and

11    advisable in discharging his or her duties as Receiver. The Receiver shall apply to the

12    Court for prior approval of any payment of any debt or obligation incurred by the

13    Receivership Entities prior to the date of entry of this Order, except payments that the

14    Receiver deems necessary or advisable to secure assets of the Receivership Entities, such

15    as rental payments;

16

17    H.      Take all steps necessary to secure and take exclusive custody of each non-

18    residential location from which the Receivership Entities operate their businesses. Such

19    steps may include, but are not limited to, any of the following, as the Receiver deems

20    necessary or advisable: (1) securing the location by changing the locks and alarm codes

21    and disconnecting any internet access or other means of access to the computers, servers,

22    internal networks, or other records maintained at that location; and (2) requiring any

23    persons present at the location to leave the premises, to provide the Receiver with proof

24    of identification, and/or to demonstrate to the satisfaction of the Receiver that such

25    persons are not removing from the premises Documents or assets of the Receivership

26

27

28

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 22 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 22 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 20 of 33

1   Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs,

2   may assist the Receiver in implementing these provisions in order to keep the peace and

3   maintain security.  If requested by the Receiver, the United States Marshal will provide

4   appropriate and necessary assistance to the Receiver to implement this Order and is

5   authorized to use any necessary and reasonable force to do so;

6
7   I.      Take all steps necessary to prevent the modification, destruction, or erasure of any

8   web page or website registered to and operated, in whole or in part, by any Defendants,

9   including echeckprocessing.net, and to provide access to all such web page or websites to

10   Plaintiffs' representatives, agents, and assistants, as well as Defendants and their

11   representatives;

12
13   J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

14   K.      Prevent the inequitable distribution of assets and determine, adjust, and protect

15   the interests of consumers who have transacted business with the Receivership Entities;

16   L.      Make an accounting, as soon as practicable, of the assets and financial condition

17   of the receivership and file the accounting with the Court and deliver copies thereof to all

18
19   parties;

20   M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or

21   otherwise become party to any legal action in state, federal or foreign courts or arbitration

22   proceedings as the Receiver deems necessary and advisable to preserve or recover the

23   assets of the Receivership Entities, or to carry out the Receiver's mandate under this

24   Order, including but not limited to, actions challenging fraudulent or voidable transfers;

25

26

27

28

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 23 of 35

Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 23 of 35
Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 21 of 33

N.    Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.    Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

P.    Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.    Allow the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy all books, records, Documents, accounts, and other assets owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access, and access by the FTC's representatives, agents, and assistants shall be allowed as soon as practicable;

R.    Allow the Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 24 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 24 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 22 of 33

S.    Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.    Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.    If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court.  Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

V.    If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIV.   TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and the Relief Defendant and any other Person, with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All assets held by or for the benefit of the Receivership Entities;

B.    All Documents or assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.    All Documents of or pertaining to the Receivership Entities;

D.    All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.    All assets and Documents belonging to other Persons whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.    All keys, codes, user names and passwords necessary to gain or to secure access to any assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

25

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 26 of 35

Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 26 of 35
Case 3:19-cv-00196-KC    Document 8    Filed 07/19/19    Page 24 of 33

In the event that any Person or entity fails to deliver or transfer any asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XV.    PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and the Relief Defendant shall immediately provide to the Receiver:

A.    A list of all assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any Person other than a Receivership Entity;

B.    A list of all agents, employees, officers, attorneys, servants and those Persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.    A description of any Documents covered by attorney-client privilege or attorney work product, including files where such Documents are likely to be located, authors or recipients of such Documents, and search terms likely to identify such electronic Documents.

## XVI.    COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other Persons in active concert or participation with any of them, and any other Person with possession, custody, or control of property of or records relating to the Receivership entities who receive actual notice of this Order shall fully cooperate with and assist the

1    Receiver. This cooperation and assistance shall include, but is not limited to, providing

2    information to the Receiver that the Receiver deems necessary to exercise the authority

3    and discharge the responsibilities of the Receiver under this Order; providing any keys,

4    codes, user names and passwords required to access any computers, electronic devices,

5

6    mobile devices, and machines (onsite or remotely) and any cloud account (including

7    specific method to access account) or electronic file in any medium; advising all Persons

8    who owe money to any Receivership Entity that all debts should be paid directly to the

9    Receiver; and transferring funds at the Receiver's direction and producing records related

10    to the assets and sales of the Receivership Entities.

11         **XVII.    NON-INTERFERENCE WITH THE RECEIVER**

12         **IT IS FURTHER ORDERED** that Defendants; Receivership Entities;

13

14    Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other

15    Persons in active concert or participation with any of them, who receive actual notice of

16    this Order, and any other Person served with a copy of this Order, are hereby restrained

17    and enjoined from directly or indirectly:

18

19    A.      Interfering with the Receiver's efforts to manage, or take custody, control, or

20    possession of, the assets or Documents subject to the receivership;

21    B.      Transacting any of the business of the Receivership Entities;

22    C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning,

23

24    liquidating, or otherwise disposing of any assets owned, controlled, or in the possession

25    or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

26    D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents

27    in the exercise of their duties or authority under any order of this Court.

28

## XVIII.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants and the Relief Defendant, Defendants' and the Relief Defendant's officers, agents, employees, attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants or the Relief Defendant, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.      Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any asset of

1   the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of

2   self-help, or otherwise.

3       Provided, however, that this Order does not stay: (1) the commencement or

4   continuation of a criminal action or proceeding; (2) the commencement or continuation of

5   an action or proceeding by a governmental unit to enforce such governmental unit's

6

7   police or regulatory power; or (3) the enforcement of a judgment, other than a money

8   judgment, obtained in an action or proceeding by a governmental unit to enforce such

9   governmental unit's police or regulatory power.

10              **XIX.    COMPENSATION OF RECEIVER**

11       **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the

12   Receiver as herein authorized, including counsel to the Receiver and accountants, are

13

14   entitled to reasonable compensation for the performance of duties pursuant to this Order

15   and for the cost of actual out-of-pocket expenses incurred by them, from the assets now

16   held by, in the possession or control of, or which may be received by, the Receivership

17

18   Entities.  The Receiver shall file with the Court and serve on the parties periodic requests

19   for the payment of such reasonable compensation, with the first such request filed no

20   more than sixty (60) days after the date of entry of this Order.  The Receiver shall not

21   increase the hourly rates used as the bases for such fee applications without prior

22   approval of the Court.

23                 **XX.    RECEIVER'S BOND**

24       **IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this

25

26   Court a bond in the sum of $ 10,000.00 with sureties to be approved by the Court,

27

28

1    conditioned that the Receiver will well and truly perform the duties of the office and

2    abide by and perform all acts the Court directs.  28 U.S.C. § 754.

3    ## XXI.    DISTRIBUTION OF ORDER BY DEFENDANTS

4    **IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy

5    of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign,

6    member, officer, director, employee, agent, independent contractor, client, attorney,

7    spouse, subsidiary, division, and representative of any Defendant, and shall, within ten

8

9    (10) days from the date of entry of this Order, and provide Plaintiffs and the Receiver

10    with a sworn statement that this provision of the Order has been satisfied, which

11    statement shall include the names, physical addresses, phone number, and email

12

13    addresses of each such Person who received a copy of the Order.  Furthermore,

14    Defendants shall not take any action that would encourage officers, agents, members,

15    directors, employees, salespersons, independent contractors, attorneys, subsidiaries,

16    affiliates, successors, assigns or other Persons in active concert or participation with them

17

18    to disregard this Order or believe that they are not bound by its provisions.

19    ## XXII.    EXPEDITED DISCOVERY

20    **IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R.

21    Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and

22    45, Plaintiffs and the Receiver are granted leave, at any time after service of this Order, to

23    conduct limited expedited discovery for the purpose of discovering:  (1) the nature,

24

25    location, status, and extent of Defendants' and the Relief Defendant's assets; (2) the

26    nature, location, and extent of Defendants' and the Relief Defendant's business

27    transactions and operations; (3) Documents reflecting Defendants' and the Relief

28

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 31 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 31 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 29 of 33

1   Defendant's business transactions and operations; or (4) compliance with this Order.  The

2   limited expedited discovery set forth in this Section shall proceed as follows:

3   A.      Plaintiffs and the Receiver may take the deposition of parties and non-parties.

4   Forty-eight (48) hours' notice shall be sufficient notice for such depositions.  The

5   limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal

6   Rules of Civil Procedure regarding subsequent depositions of an individual shall not

7   apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant

8

9   to this Section shall not be counted towards the deposition limit set forth in Rules

10  30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote

11  electronic means;

12

13  B.      Plaintiffs and the Receiver may serve upon parties requests for production of

14  Documents or inspection that require production or inspection within five (5) days of

15  service, provided, however, that three (3) days of notice shall be deemed sufficient for the

16  production of any such Documents that are maintained or stored only in an electronic

17  format.

18

19  C.      Plaintiffs and the Receiver may serve upon parties interrogatories that require

20  response within five (5) days after Plaintiffs serves such interrogatories;

21  D.      The Plaintiffs and the Receiver may serve subpoenas upon non-parties that direct

22  production or inspection within five (5) days of service.

23  E.      Service of discovery upon a party to this action, taken pursuant to this Section,

24

25  shall be sufficient if made by facsimile, email, or by overnight delivery.

26  F.      Defendant Souheil must, within five (5) days of receipt of this Order provide the

27  Plaintiffs, in writing:

28

Case 5:20-mc-00004-GTS-TWD    Document 2    Filed 01/30/20    Page 32 of 35

Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 32 of 35
Case 3:19-cv-00196-KC   Document 8   Filed 07/19/19   Page 30 of 33

1.    Acknowledgment of receipt of the Order by Globex Telecom, Inc.;

2.    A sworn statement setting forth (1) that Globex Telecom, Inc. is in compliance with this Order and (2) the actions Globex Telecom, Inc., has taken, if any, to insure that it and Souheil are in compliance with this Order; and

G.    Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

H.    The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIII.   SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiffs, by any law enforcement agency, or by private process server, upon any Defendant, Relief Defendant, or any Person (including any financial institution) that may have possession, custody or control of any asset or Document of any Defendant or Relief Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes of this Section, service

Case 5:20-mc-00004-GTS-TWD     Document 2     Filed 01/30/20     Page 33 of 35

Case 3:19-cv-00196-KC     Document 8     Filed 07/19/19     Page 33 of 35
Case 3:19-cv-00196-KC     Document 8     Filed 07/19/19     Page 31 of 33

1  upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the

2  entire entity.

3  ## XXIV.  CORRESPONDENCE AND SERVICE ON PLAINTIFFS

4      **IT IS FURTHER ORDERED** that, for the purpose of this Order, all

5  correspondence and service of pleadings on Plaintiffs shall be addressed to:

6

7      Christopher E. Brown
       J. Ronald Brooke, Jr.
8      Federal Trade Commission
       600 Pennsylvania Avenue, NW (CC-8528)
9      Washington, DC 20580
       Fax: 202-326-3395
10     Email: cbrown3@ftc.gov; jbrooke@ftc.gov

11
       Jeffrey Loeser (Ohio Bar #82144)
12     Erin Leahy (Ohio Bar #69509)
       Assistant Attorneys General
13     Consumer Protection Section
       30 E. Broad Street, 14th Floor
14     Columbus, Ohio 43215
       Email:  jeff.loeser@OhioAttorneyGeneral.gov;
15  erin.leahy@OhioAttorneyGeneral.gov

16

17  ## XXV.  PRELIMINARY INJUNCTION HEARING

18      **IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants

19  shall appear before this Court on the ___30th___ day of ___July___, 2019, at

20  ___1:00 pm___, to show cause, if there is any, why this Court should not enter a

21  preliminary injunction, pending final ruling on the Complaint against Defendants and the

22
23  Relief Defendant, enjoining the violations of the law alleged in the Complaint, continuing

24  the freeze of their assets, continuing the receivership, and imposing such additional relief

25  as may be appropriate.

26

27

28

33

## XXVI.  BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

A.      Defendants shall file with the Court and serve on Plaintiffs' counsel any

answering pleadings, affidavits, motions, expert reports or declarations, or legal

memoranda no later than four (4) days prior to the order to show cause hearing scheduled

pursuant to this Order.  Plaintiffs may file responsive or supplemental pleadings,

materials, affidavits, or memoranda with the Court and serve the same on counsel for

Defendants and Relief Defendant no later than one (1) day prior to the order to show

Cause hearing.  Provided that such affidavits, pleadings, motions, expert reports,

declarations, legal memoranda or oppositions must be served by personal or overnight

delivery, facsimile or email, and be received by the other party or parties no later than

5:00 p.m. PST on the appropriate dates set forth in this Section.

B.      An evidentiary hearing on Plaintiffs' request for a preliminary injunction is not

necessary unless Defendants or the Relief Defendant demonstrate that they have, and

intend to introduce, evidence that raises a genuine and material factual issue.  The

question of whether this Court should enter a preliminary injunction shall be resolved on

the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the

parties.

C.      Live testimony shall be heard only on further order of this Court.  Any motion to

permit such testimony shall be filed with the Court and served on counsel for the other

parties at least five (5) days prior to the preliminary injunction hearing in this matter.

Such motion shall set forth the name, address, and telephone number of each proposed

witness, a detailed summary or affidavit revealing the substance of each proposed

witness's expected testimony, and an explanation of why the taking of live testimony

1 would be helpful to this Court. Any papers opposing a timely motion to present live

2 testimony or to present live testimony in response to another party's timely motion to

3 present live testimony shall be filed with this Court and served on the other parties at

4 least three (3) days prior to the order to show cause hearing.

5
6 Provided, however, that service shall be performed by personal or overnight

7 delivery, facsimile or email, and Documents shall be delivered so that they shall be

8 received by the other parties no later than 5:00 p.m. MDT on the appropriate dates

9 provided in this Section.

10 **XXVII.   DURATION OF THE ORDER**

11 **IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days

12
13 from the date of entry noted below, unless within such time, the Order is extended for an

14 additional period pursuant to Fed. R. Civ. P. 65(b)(2).

15 **XXVIII.   RETENTION OF JURISDICTION**

16 **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

17 matter for all purposes.

18
19
20 **SO ORDERED,** this _19th_ day of _July_, 2019, at

21 _1:58_ .m.

22
23
24 UNITED STATES DISTRICT JUDGE

25
26
27
28

35